[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the third custody review in this case. The case involves the custody of Christie Helene Stoldt, born July 8, 1985. She was one year old when this dissolution was initiated and will be eight years old this coming year. This means that at least 80% of her life has been spent on her parents' custody battlefield. A sad story for an innocent child and certainly an undesirable way to be reared in terms of her emotional and developmental needs.
This is truly one of these tragic instances where both parents deeply love their child, but where one parent cannot see the difference between his need for the child and the child's needs.
The court heard extensive testimony, read numerous exhibits and reports and finds the following facts to be evident. The father, Charles Stoldt, while a good, decent and loving man, has little insight into himself as a person or a parent. He has not availed himself of any counselling services, which might provide that insight which would significantly improve his effectiveness as a parent and a person, not to mention providing him with some satisfaction and happiness in his life. The father is so wrapped up in his own emotional needs from the child and his antagonism toward the child's mother, that his thought processes in this area are impaired. He presents to the court as a distraught, yet inflexible parent. He unwittingly makes statements that reflect his lack of understanding of the parenting role now and in the future. He makes an unrealistic request to have his parents become the legal guardians of this child. The court believes that in making such a request the father is oblivious to the needs, or desires CT Page 11528 of the child and has not properly considered the impact of such a change from THE CHILD'S POINT OF VIEW!
While the history of both parents leaves much to be desired, the present situation reveals a mother who has made tremendous strides in learning about herself and her child and a father who has not. Mother has an eye for the future and has put acrimony toward the father on the shelf. Father has done neither.
The court hopes that sometime in the future that father will receive the counselling he needs to be more understanding of himself and Christie. Perhaps then the decision of the court today can be modified or, perhaps, even by the agreement of the parents themselves. Both parents should realize that they will need each other for support as Christie matures. One parent, alone, or two parents without consistent child rearing practices and frequent cordial communication condemn Christie to a very difficult childhood. Both parents at present can look forward to much heartache if they do not bury the hatchet and pull supportively together for Christie's sake. If Christie has a sad childhood and a troubled adolescence her therapist of the future need only to look at the transcript of this hearing and this memorandum to find the source of her problems.
Accordingly, the court rules on the four motions as follows:
#156 — MOTION FOR CHILD CUSTODY by the father is denied.
#157 — MOTION FOR CHILD CUSTODY by the mother is granted. Mother is granted sole custody of Christie with rights of reasonable visitation in father as set out hereinafter.
#168 — MOTION FOR MODIFICATION.
1. Father shall have overnight visitation every other weekend from Saturday at 12:00 noon until Sunday at 6:00 p.m. All pick ups and drop offs shall be made by a neutral party without father being present at either.
2. This change in visitation shall commence on the first weekend chosen by Julie Herbst of the Family Services Unit.
3. No alcohol use during visitation.
4. The parents, with the assistance of Julie Herbst, shall have two weeks of exclusive time with Christie during the summers. CT Page 11529
5. The father shall have visitation every Thanksgiving from 6:00 p.m. on Wednesday until 6:00 p.m. on Thursday.
6. Father shall have visitation every Christmas night, not eve, from 6:00 p.m. until 6:00 p.m. the next day.
7. Father shall inform mother at least two days before visitation where the visitation will take place and provide addresses and phone numbers so that Christie can be reached at all times.
8. This visitation may be adjusted to allow Christie to participate in important youthful activities, such as Brownie overnights, which are an important part of her nurturing process.
This court will be available to enter any other orders that may be necessary to implement this decision.
#170 — MOTION FOR CONTEMPT.
The court finds the father in contempt for failing to make payments to Christie's lawyer. The amount is $932.00. Father is ordered to pay $100.00 per month on this until paid. The first payment shall be made January 15, 1993 and on the fifteenth of each month thereafter.
As was suggested by Julie Herbst, if father is amenable to treatment and learning to see the world through the eyes of Christie, perhaps this decision can be reviewed.
GILL, J.